Adam Y. Siegel (State Bar No. 238568)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
E-mail: Adam.Siegel@jacksonlewis.com

Robert Yang (State Bar No. 312964)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Rob.Yang@jacksonlewis.com

Attorneys for Defendants
GOLDEN STATE SUPPLY, LLC and
ADVANCE STORES COMPANY dba
ADVANCE AUTO PARTS
(*erroneously sued as ADVANCE STORES
COMPANY. INC.*)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVIN SHEFFIELD, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN STATE SUPPLY, LLC, a Limited Liability Company; ADVANCE STORES COMPANY, INC., and DOES 2 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a) AND (b), AND 1446**<br><br>Complaint Filed:  November 6, 2023<br>Date of Trial:  TBD |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF DONOVIN SHEFFIELD AND HIS ATTORNEY OF RECORD:**

///

///

1

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                                    CASE NO.:

PLEASE TAKE NOTICE that Defendants GOLDEN STATE SUPPLY, LLC ("GSS") and ADVANCE STORES COMPANY, INC. dba ADVANCE AUTO PARTS (erroneously sued as ADVANCE STORES COMPANY) ("AAP") (collectively, "Defendants"), hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, and removes the above-entitled action to this Court from the Superior Court of California for the County of Los Angeles. In support thereof, Defendant asserts the following:

## I.   PROCEDURAL BACKGROUND.

1.     On November 6, 2023, Plaintiff Donovin Sheffield ("Plaintiff") filed a civil class action complaint (the "Complaint") against Defendants in the Superior Court of the State of California for the County of Los Angeles ("Superior Court") entitled *Donovin Sheffield v. Golden State Supply, LLC, et al.,* Case No. 23STCV27330 which alleges a proposed class of "[a]ll current and former non-exempt employees employed by DEFENDANTS in California at any time within the four (4) years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class." Complaint, ¶ 47.

2.     The Complaint sets forth the following 13 causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Required Meal Periods; (4) Failure to Provide Required Rest Periods; (5) Failure to Properly Pay Accrued Sick Days; (6) Failure to Properly Pay Unused Vacation Days; (7) Failure to Timely Pay Timely Wages During Employment; (8) Failure to Timely Pay All Wages Due to Discharged and Quitting Employees; (9) Failure to Maintain Required Records; (10) Failure to Furnish Accurate, Itemized Wage Statements; (11) Failure to Reimburse Necessary Expenditures; (12) Unfair and Unlawful Business Practices; and (13) Civil Penalties Pursuant to The Private Attorneys General Act. *See generally,* Complaint.

3.     Plaintiff served the Complaint on Defendant GSS on December 4, 2023. A true and correct copy of the Complaint is attached as **Exhibit A**.

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                    CASE NO.:

4.    On November 6, 2023, Plaintiff filed a Civil Case Cover Sheet. A true and correct copy of the Civil Case Cover Sheet is attached as **Exhibit B**.

5.    On November 6, 2023, Plaintiff filed a Summons. A true and correct copy of the Summons is attached as **Exhibit C**.

6.    On November 6, 2023, the Superior Court filed: (1) the Alternate Dispute Resolution Packet; (2) First Amended General Order re: Mandatory Electronic Filing; (3) Voluntary Efficient Litigation Stipulation Package; and (4) Notice of Case Assignment – Unlimited Civil Case. A true and correct copy of these filings is attached as **Exhibit D**.

7.    On November 15, 2023, Plaintiff filed a Challenge to Judicial Officer – Peremptory (170.6). On November 16, 2023, the Superior Court granted Plaintiff's Peremptory Challenge. A true and correct copy of the Peremptory Challenge and associated Minute Order is attached as **Exhibit E**.

8.    On November 29, 2023, the Superior Court filed the Court Order Re: Case Reassignment. On December 13, 2023, Plaintiff served the Notice of Case Reassignment. A true and correct copy of the Notice of Case Reassignment and associated Minute Order is attached as **Exhibit F**.

9.    On December 12, 2023, Plaintiff filed a Proof of Service of Summons as to Defendant GSS. A true and correct copy of the Proof of Service is attached as **Exhibit G**.

10.    On December 12, 2023, the Superior Court filed an Initial Status Conference Order (Complex Litigation Program). A true and correct copy of the Order and associated Minute Order is attached as **Exhibit H**.

11.    On December 13, 2023, according to the Docket, Plaintiff filed a Request for Dismissal as to Defendant ADVANCED AUTO PARTS, INC. Again, according to the Docket, Plaintiff also filed an Amendment to Complaint adding ADVANCE STORES COMPANY, INC. as a Defendant. A true and correct copy of the Request for Dismissal and Amendment to Complaint are attached as **Exhibit I**. Defendants have not been served with the Amended Complaint.

///

3

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                    CASE NO.:

12. On December 22, 2023, Defendants filed their Answer to the Complaint in the Superior Court. A true and correct copy of Defendants' Answer is attached as **Exhibit J**.

13. **Exhibits A-J** constitute all the court documents that have been served in this action as of the date of the filing of this Notice of Removal.

## II. REMOVAL IS TIMELY.

14. This Notice of Removal has been filed within thirty (30) days after Defendants were deemed served a copy of Plaintiff's Summons and Complaint upon which this action is based. This Notice of Removal is therefore filed within the period provided by 28 U.S.C. § 1446(b).

15. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

16. Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

17. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(5).

18. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action

4

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                    CASE NO.:

involving more than 100 members, and based on the allegations in the Complaint the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on Plaintiff's own itemization of penalties, and Plaintiff is a citizen of a state different from Defendant. Furthermore, the Defendants are not a State, State official, or other governmental entity.

## A. The Putative Class Has More Than 100 Members.

19. CAFA provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

20. Here, Plaintiff alleges a class of "[a]ll current and former non-exempt employees employed by DEFENDANTS in California at any time within the four (4) years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class." Complaint, ¶ 47. Between November 6, 2019, through at least December 10, 2023 (the "Class Period"), Defendant GSS employed at least 4,019 nonexempt employees in the State of California. Declaration of Jackie Fernandez ("Fernandez Decl."), at ¶ 11. Defendant AAP does not employ any California non-exempt employees in retail. *Id*., at ¶ 10. As such, this Court properly has jurisdiction over this matter under CAFA as the number of members in Plaintiff's proposed class is more than 100.

## B. Diversity Of Citizenship Exists.

21. CAFA's diversity requirement is satisfied when at least one member of a class of plaintiffs is a citizen of a state in which none of the defendants are citizens, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

22. "An individual is a citizen of the state in which he is domiciled[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time

5

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                    CASE NO.:

that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Here, Plaintiff at the time of filing of the Complaint alleges he was a resident of the State of California. *See* Complaint at ¶ 7. He also alleges that he "was employed as a non-exempt employee by DEFENDANTS … at DEFENDANTS' place of business located at 3737 Crenshaw Blvd, Los Angeles, CA 90016." *Id*., at ¶ 22. Further, Defendants are informed and believe that Plaintiff worked out of Los Angeles, California, and currently resides in Los Angeles, California. Fernandez Decl., at ¶ 4. Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

23.    "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant GSS is incorporated in Nevada, and its principal place of business, the majority of its corporate officers, and the majority of its executive and administrative functions are directed, controlled and coordinated out of North Carolina.  Fernandez Decl., at ¶ 7.

24.    The sole member of Defendant GSS is General Parts, Inc.  Fernandez Decl., at ¶ 8.  General Parts, Inc., as a corporation, is a citizen of any state in which it is incorporated and of the state where it maintains its principal place of business.  *See* 28 U.S.C. § 1332I.  With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test."  *Hertz Corp.*, 559 U.S. at 80-81. Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities. *See Id.*  The nerve center "will typically be found at a corporation's headquarters." *See Id.* at 81.

25.    General Parts, Inc. was incorporated in North Carolina and its principal place of business, the majority of its corporate officers, and the majority of its executive and administrative functions are directed, controlled and coordinated out of North Carolina. Fernandez Decl., at ¶ 9.

///

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                                    CASE NO.:

26.     A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp.*, 559 U.S. at 80-81. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id*.

27.     Here, Defendant AAP is, and was at all material times, a corporation formed under the laws of the State of Delaware. Fernandez Decl., at ¶ 9.  As such, Defendant AAP is a citizen of the State of Delaware.

28.     Defendant AAP, both at the time this action was commenced and the time it was removed to federal court, is a citizen of the State of North Carolina within the meaning of Section 1332(c)(1), because its respective principal places of business and corporate headquarters is located in the State of North Carolina, which is where its primary executive, administrative, financial, and management functions are conducted and where most of their corporate officers direct, control, and coordinate its corporate and business activities. *Id*. Therefore, Defendant AAP is also a citizen of the State of North Carolina.

29.     The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

30.     Therefore, for the purpose of determining jurisdiction, Defendants are not – and were not – citizens of the State of California. Rather, they were – and are – citizens of the State of North Carolina.

31.     Accordingly, CAFA's minimal diversity requirement is satisfied because Plaintiff is a citizen of a state, *i.e*., California, in which none of the defendants are citizens. *See* 28 U.S.C. § 1332(d)(2).

///

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                    CASE NO.:

## C.    The Amount in Controversy Exceeds $5,000,000.

32.    CAFA authorizes the removal of class action cases in which the amount in controversy of all class members in the aggregate exceeds $5,000,000. 28 U.S.C. Section 1332(d).

33.    A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[]" within the removing party's notice of removal and is not required to submit evidence in support of its removal allegations. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

34.    Although the Complaint does not specify the dollar amount of damages being sought, and without admitting that Plaintiff could recover any damages, Defendants have a good faith belief that the amount in controversy in this action could well exceed $5,000,000, exclusive of interest and costs.

35.    Plaintiff alleges the following 13 causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Required Meal Periods; (4) Failure to Provide Required Rest Periods; (5) Failure to Properly Pay Accrued Sick Days; (6) Failure to Properly Pay Unused Vacation Days; (7) Failure to Timely Pay Timely Wages During Employment; (8) Failure to Timely Pay All Wages Due to Discharged and Quitting Employees; (9) Failure to Maintain Required Records; (10) Failure to Furnish Accurate, Itemized Wage Statements; (11)Failure to Reimburse Necessary Expenditures; (12) Unfair and Unlawful Business Practices; and (13) Civil Penalties Pursuant to The Private Attorneys General Act. *See generally,* Complaint.

36.    Plaintiff further alleges that Defendants engaged in "unfair conduct" because Defendants' "violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and members of the PLAINTIFF CLASS." *Id.* at ¶ 110.

///

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                              CASE NO.:

37.     During the Class Period, upon reviewing the putative class members dates of employment, the putative class has worked approximately at least 242,685 estimated workweeks. Fernandez Decl., at ¶ 12. The average hourly rate of the putative class members, including Plaintiff, was $19.10 during the Class Period. *Id*. at ¶ 13.

38.     <u>Claim for Failure to Pay Final Wages Timely</u>. California Labor Code Section 203 provides "waiting time" penalties to an employee for an employer's failure to pay the employee all wages owed at termination in the amount of one day's wages for each day all owed wages remain unpaid up to a maximum of thirty days. Cal. Lab. Code § 203(a).

39.     Based on the conservative assumption that each of the 4,019 putative class members during the Class Period is owed any unpaid wages or one hour of premium wages per week for one missed rest or meal periods, it is a reasonable inference that all of the 4,019 putative class members who are former employees are owed waiting time penalties at the average hourly rate during the Class Period for the maximum penalty of thirty days of wages. *See e.g. Naranjo*, 13 Cal. 5th 93 (holding that because premium pay for missed meal and rest breaks constitute wages, failure to pay such premiums will trigger derivative claims for wage statement and waiting time penalties).

40.     At the time of this removal, of the 4,019 putative class members during the Class Period, 2,331 are former employees. Fernandez Decl., at ¶ 11.

41.     Therefore, based on the assumption that each of the 2,331 putative class members who are former employees are owed thirty days of wages at the average hourly rate during the Class Period as waiting time penalties, the amount in controversy for this claim is: **$ 10,686,49.92** (2,331 former employees during the Class Period x $19.10 average hourly rate during the Class Period x 8 hours per day x 30 days).

42.     <u>Other Claims</u>. In addition to this claim, Plaintiff seeks damages on behalf of himself and the putative class for: (1) failure to pay overtime, (2) failure to pay minimum wages, (3) failure to authorize or permit meal periods, (4) failure to authorize or permit rest periods, (5) failure to indemnify necessary business expenses, (6) failure to provide accurate wage statements; (7) unfair business practices, and (8) PAGA penalties. Plaintiff

9

also seeks an award for attorneys' fees and costs.

43.     These potential damages and/or penalties significantly increase the amount in controversy. The damages are further multiplied by the additional nonexempt employees working in California, who are included in several of the Complaint's various subclass definitions.

44.     Accordingly, the following is the minimum amount in controversy based on the allegations alleged:

| CLAIM | AMOUNT IN CONTROVERSY |
|---|---|
| Labor Code Section 203 (waiting time penalties) | $10,686.495.92 |
| TOTAL | $10,686.495.92 |

## IV.     ALL OTHER DEFENDANTS CONSENT.

45.     All named defendants consent to the removal of this action to federal court. Fernandez Dec., ¶ 6.

## V.     VENUE IS PROPER.

46.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and all defendants in this action are subject to personal jurisdiction in the Central District of California.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California in and for the County of Los Angeles to this Court.

Dated:  January 3, 2024                    **JACKSON LEWIS P.C.**

By:     /s/ Adam Y. Siegel
        Adam Y. Siegel
        Robert Yang
        Attorneys for Defendants
        GOLDEN STATE SUPPLY, LLC and
        ADVANCE STORES COMPANY dba
        ADVANCE AUTO PARTS

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT                    CASE NO.: